IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
_____

IDA ROZENBERG, for herself
and on behalf of her minor
son GR, MARIA LIRTSMAN,
and LANA LIRTSMAN,

                                 13 Civ 1461 (HB)

     PLAINTIFFS               PLAINTIFFS' FIRST
                                AMENDED COMPLAINT
     vs                       [JURY TRIAL)

THE CITY OF NEW YORK, a
municipal entity, NEW YORK
CITY POLICE OFFICERS "JHON DOE"
#1, "JOHN DOES", NEW YORK CITY
POLICE OFFICERS FAYETTE McDONALD,
Shield # 09581, CAMERON EVELYN,
Shield # 03980, MICHAEL GRILL,
Shield # 04663, SERGEANT LYNDA
CHERVONI, Shield # 03954, in their
individual and in their official
capacities,

     DEFENDANTS
_____

## I.  INTRODUCTION

1.  This is a litigation which arises out of actions
and conduct taken by Defendant New York City Police
Officers, individually and collectively and acting in
concert and conjunction with each other and pursuant to the
policies and practices and customs of the Defendant City of
New York, against each of the Plaintiffs, individually and
collectively, on March 6, 2012 in or about New York City
Public School # 197 which is located at 1599 East 22nd

Street, Brooklyn, New York 11210 at or about 10:30 A.M. and thereafter.

2.   Each of the Plaintiffs asserts that, among other things, the Defendant party New York City Police Officers, acting in concert and conjunction with each other and pursuant to policies, practices and customs of the Defendant City of New York, unlawfully and unconstitutionally restrained and detained each of the Plaintiffs and/or otherwise subjected each of the Plaintiffs to unnecessary and excessive, and unreasonable force and, in addition and otherwise, to unreasonable and unnecessary and excessive terms and conditions of restraint and confinement causing to each of the Plaintiffs injuries for which each seeks both compensatory and punitive damages.

3.   This is an action in which each of the Plaintiffs seeks relief for the violation of his or her respective rights as guaranteed under the laws and Constitution of the United States and, as well, under the laws and Constitution of the State of New York.

4.   Each of the Plaintiffs seeks monetary damages and such other relief, including injunctive relief and declaratory relief [if appropriate], as may be in the interest of justice and as may be required to assure that

each of the Plaintiffs secures full and complete relief and justice for the violation of his or her rights.

## II. JURISDICTION AND VENUE

5.   Jurisdiction of this Court is invoked pursuant to and under 28 U.S.C. Sections 1331 and 1343 and 1367 in conjunction with the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and the Fourth and Fourteenth Amendments to the United States Constitution and the laws and Constitution of the State of New York.

6.   The facts which give rise to the State law claims have a common nucleus with the facts that give rise to the federal law claims. The federal and the pendent State law claims arise out of the same transaction.

7.   Each of the Plaintiffs also invokes the jurisdiction of this Court in conjunction with the Declaratory Judgment Act, 28 U.S.C. Sections 2201, et seq., this being an action in which each of the Plaintiffs seeks, in addition to monetary damages, whatever other relief is needed to provide full and complete justice including, if appropriate, declaratory and injunctive relief.

8.   This is an action in which each of the Plaintiffs seeks relief for the violation of his or her respective rights as guaranteed under the laws and Constitution of the

United States and, as well, as guaranteed under the laws and Constitution of the State of New York.

9.  With respect to the pendent State law claims which are asserted herein, each of the Plaintiffs has met the conditions for the filing of those claims in this litigation.  Specifically, Plaintiffs filed a Notice of Claim with the Comptroller of the City of New York on May 2, 2012.  More than 30 days have elapsed since service of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

10.  Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

### III. THE PARTIES

11.  Plaintiff Ida Rozenberg is a citizen and resident of the State of New York, the City of New York, and the County of Kings.

12.  Ida Rozenberg, who was born and raised in the United States, is thirty [30] years of age. Her birth date is April 29, 1983.

13.  Ida Rozenberg is a graduate of Penn State University.

14.  Ida Rozenberg has been diagnosed with and suffers from multiple sclerosis causing her to have severe limitations respecting her balance and mobility.

15.  Plaintiff GR is the minor son of Ida Rozenberg. He is a citizen and resident of the State of New York, the City of New York, and the County of Kings.

16.  Plaintiff GR, who was born and raised in the United States and is the son of Ida Rozenberg, the grandson of Maria Lirtsman, and the great grandson of Lana Lirtsman, was five [5] years of age on the date of the incident. His birth date is October 13, 2006.

17.  Plaintiff GR, who has been diagnosed with autism/PDD and ADHD, is enrolled in a special education needs program provided by the New York City Department of Education for those who have been diagnosed and suffering with particular conditions and disabilities, among them diagnosed autism/PDD and ADHD, and special educational needs attached to the afore-described diagnosis.

18.  At the time of the event giving rise to this litigation, GR was in a special education needs kindergarten program at Public School # 197 located at 1599 East 22nd Street, Brooklyn, New York where he had been attending since September, 2011.

19.   Plaintiff Maria Lirtsman is a citizen and resident of the State of New York, the City of New York, and the County of Kings.

20.   Plaintiff Maria Lirtsman, who is the grandmother of GR, the mother of Ida Rozenberg, and the daughter of Lana Lirtsman, and who was born and raised in the Soviet Union until she immigrated to the United States and became a naturalized American citizen, was on the date of the incident fifty [50] years of age. Her birth date is December 6, 1961.

21.   Lana Lirtsman is a citizen and resident of the State of New York, the City of New York, and the County of Kings.

22.   Lana Lirtsman, who is the great grandmother of GR, the grandmother of Ida Rozenberg, and the mother of Maria Lirtsman, and who was born and raised in the Soviet Union until she immigrated to the United States and became a naturalized American citizen, is eighty one [81] years of age. Her birth date is April 14, 1932.

23.   GR has limited English and Russian language skills as a consequence of his autistic condition.

24.   Ida Rozenberg is both English and Russian language skilled.

25.   Maria Lirtsman is both English and Russian language skilled but is more versed in the Russian language than in the nuances of the English language.

26.   Lana Lirtsman has more limited English language skills than Russian language skills and her preferred language is Russian because of her greater facility in that language.

27.   The City of New York is a municipal entity which was created under the authority of the laws and Constitution of the State of New York and which is authorized with, among other powers, the power to maintain a police department for the purpose of protecting the welfare of those who reside in the City of New York.

28.   Defendants "John Doe" # 1, "John Does", Fayette McDonald, Shield # 09581, Cameron Evelyn, Shield # 03980, Michael Grill, Shield # 04663, Lynda Chervoni, Shield # 03594, are New York City line and command Police Officers and agents and employees of the City of New York.  They are sued in their official and in their individual capacities.

29.   Although the actions and conduct of Defendants "John Doe" # 1 and "John Does" hereinafter described were unlawful and wrongful and otherwise violated the rights of each of the Plaintiffs herein as guaranteed under the laws and Constitution of the United States and of the State of

New York, the actions and conduct were taken in and during
the course of their duties and functions as New York City
Police Officers and as agents and employees of the City of
New York and incidental to the otherwise lawful performance
of their duties and functions as New York City Police
Officers and as agents and employees of the City of New
York.

IV. ALLEGATIONS

30.   The incident which gives rise to this litigation
took place on March 6, 2012 at approximately 10:30 A.M. and
thereafter when each of the Plaintiffs was unlawfully and
wrongly and unreasonably and unnecessarily and excessively
seized and detained and subjected to unreasonable,
unnecessary, and/or excessive force by the Defendant
parties, individually and collectively, who were acting in
concert and conjunction with each other and pursuant to the
policies, practices, and customs of the City of New York.

31.   The incident took placed in and about public
School # 197 which is located at 1599 East 22nd Street,
Brooklyn, New York.

32.   GR, a minor, was five [5] years of age on the date
of the incident.

33.   GR has been diagnosed with autism/PDD and ADHD.

34.   GR has limited verbal skills.

35.   Because of GR's diagnosed autism/PDD and ADHD, GR requires special needs educational programs.

36.   GR's mother is Ida Rozenberg.

37.   GR's grandmother is Maria Lirtsman.

38.   GR's great grandmother is Lana Lirtsman.

39.   Ida Rozenberg, GR, Maria Lirtsman, and Lana Lirtsman reside, together, in Brooklyn, New York.

40.   On March 6, 2012, GR was enrolled in a special education needs program at Public School # 197, a public school facility which is maintained and operated by the Department of Education of the City of New York and which is located in the vicinity of the residence wherein GR resides with Ida Rozenberg, Maria Lirtsman, and Lana Lirtsman.

41.   GR was enrolled in the special education needs program at Public School # 197 since the fall of 2011.

42.   GR's mother, grandmother, and great grandmother all participate in providing care and love for GR and are all intricately involved in his upbringing.

43.   Prior to the March 6, 2012 event, Ida Rozenberg and Maria Lirtsman had been at the Public School # 197 facility on numerous occasions to address matters, problems, concerns, and issues associated with the special education needs program being provided to GR.

44.   On many occasions and because of issues associated with GR, GR had been granted early release from the special education needs program day, into the custody of Ida Rozenberg and/or Maria Lirtsman.

45.   In that regard, when issues and concerns arose regarding GR, school authorities would call Ida Rozenberg and/or Maria Lirtsman about them and Ida Rosenberg and/or Maria Lirtsman, sometimes accompanied by Lana Lirtsman, would come to Public School # 197 and address those concerns and issues with the classroom teacher and/or the Principal and/or Assistant Principal and/or the psychologist at which time and if it was deemed that it would be best for GR to leave early GR would be released into the custody of Ida Rozenberg and/or Maria Lirtsman, and/or Lana Lirtsman.

46.   In that regard, for example, in December, 2011, an event occurred at which school authorities called GR's family because of issues then existing and Maria Lirtsman and Ida Rosenberg came to the school.

47.   As it was, Emergency Medical Services ("EMS") personnel had been called to the school by school authorities to address the matter and, as a consequence, New York City Police Officers also arrived, as the ordinary protocol is that when EMS is requested to respond to a

public school facility, New York City police personnel, who monitor the same, arrive at the school independent of the EMS and even if the police personnel have not, themselves, been requested by school authorities.

48. At the December, 2011, event Maria Lirtsman and Ida Rozenberg were permitted to take GR home without further incident.

49. In that respect and when Maria Lirtsman and Ida Rozenberg arrived on the scene during the December, 2011 event, whatever issue that GR was then experiencing was resolved and, to the extent that GR had been anxious and upset, the presence of Maria Lirtsman and/or Ida Rozenberg had an immediate calming effect.

50. Parenthetically, when Maria Lirtsman and/or Ida Rozenberg arrived at Public School # 197 on other pre December, 2011 occasions where GR was experiencing issues and concerns, Ida Rozenberg and/or Maria Lirtsman would invariably have a salutary and significant calming effect on GR, allowing whatever issues and concerns then existing to expire and to allow GR to be released into the custody of Maria Lirtsman and/or Ida Rozenberg for early dismissal from the school.

51.   On March 6, 2012, Maria and Ida Lirtsman received a call to come to Public School # 197 because GR was experiencing some issue and having some problems.

52.   When Ida Rozenberg and Maria Lirtsman arrived at the Public School # 197 facility, Maria Lirtsman exited the vehicle and Ida Rozenberg parked the vehicle so that Maria Lirtsman could go into the school and see what the problem and concerns were.

53.   Apparently, the school authorities had called for EMS personnel related to GR's classroom teacher's aide.

54.   As a consequence, police personnel had arrived at Public School # 197 per the protocols previously described herein.

55.   As noted, it is believed that the EMS personnel had been requested to address a matter related to a matter affecting GR's classroom teacher aide.

56.   Maria Lirtsman went up to the second floor of the school facility and observed police officers, including John Doe # 1, physically engaged with GR, pulling and tugging him under his arms and grabbing and dragging him with unnecessary and excessive force.

57.   In Maria Lirtsman's eye view, the police personnel were unreasonably, unnecessarily, and excessively abusing GR.

58.  Maria Lirtsman went toward the area where GR was being physically abused with the intent to engage the officers, conversationally, and in a manner and fashion which would allow her – Maria Lirtsman - to allay the fears and concerns and anxieties of GR and to calm the situation.

59.  At that point and without any justification, John Doe # 1, a physically large, bald African American male uniformed New York City police officer physically inter-acted with Maria Lirtsman with unnecessary and excessive force.

60.  Thereafter, Maria Lirtsman was propelled down the stairs by the afore-stated John Doe # 1 New York City police officer to the first floor when and where she was handcuffed.

61.  By that point, Ida Rozenberg had entered into the school building.

62.  Ida Rozenberg and Maria Lirtsman urged the school authorities and the police to release GR to their custody so that they could calm him down, as ordinarily had been the case in the past, and so they could leave the school facility and take GR home as had been the practice in the past.

63.  This request was refused by John Doe # 1 and the other John Does police officers on the scene, who had

determined that they would place restraints upon then-five year old GR and forcibly take him to a hospital over the objections of his family.

64.  Eventually, GR was detained by restraints on a stretcher and placed in an EMS vehicle outside of the Public School # 197 facility.

65.  At that point, Lana Lirtsman, who had arrived at the facility, entered into the ambulance to travel with GR to the hospital where GR was to be transported.

66.  The same John Doe # 1 bald, physically large African American male uniformed New York City police officer then entered into the ambulance and, utilizing unnecessary, excessive, and unreasonable force, propelled the elderly Lana Lirtsman – GR's great grandmother - out of the ambulance vehicle, causing her to fall onto the pavement and suffering what would eventually be diagnosed, later on that date, as a broken rib which, because of her age and elevated blood pressure, required her to be hospitalized.

67.  While in the ambulance and before being propelled out of the ambulance vehicle, Lana Lirtsman was acting reasonably and rationally and calmly.

68.  Lana Lirtsman was holding GR's hand and rubbing it and successfully calming him.

69.   When Lana Lirtsman entered into the ambulance
vehicle, neither the EMS driver, who was then in the
driver's section of the vehicle, nor the other EMS
technician then present, told Lana Lirtsman not to enter
into the ambulance vehicle.

70.   While the situation with Lana Lirtsman was
transpiring, Ida Rozenberg and Maria Lirtsman were
observing such and protesting the fact that GR was being
restrained, as he was, and being taken to a hospital
facility rather than being released to them.

71.   At the same time and after Lana Lirtsman had been
propelled out of the ambulance vehicle, Ida Rozenberg was
indicating that she was GR's mother and that she wanted to
ride with him in the ambulance to the hospital facility.

72.   During that period and as Ida Rozenberg was
seeking to be allowed to ride with GR in the ambulance, Ida
Rozenberg was, without justification, unreasonably and
unnecessarily handcuffed and was not released from the
handcuffs until the driver of the EMS ambulance vehicle
indicated that, as GR's mother, Ida Rozenberg had the right
to ride with the then five year old minor in the ambulance
to the hospital and that the EMS personnel would not
transport GR in the ambulance to the hospital facility
unless Ida Rozenberg was released from the handcuffs and

permitted to enter into the ambulance vehicle and travel with GR to the hospital.

73. Eventually, Ida Rozenberg was released from the handcuffs and she entered into the ambulance vehicle and traveled with GR in the ambulance vehicle to the Coney Island Hospital while Maria Lirtsman and Lana Lirtsman traveled to the hospital facility in their own vehicle.

74. At the Coney Island Hospital facility, GR was eventually examined by an attending physician and eventually released to the custody of Ida Rozenberg, Maria Lirtsman, and Lana Lirtsman, all of whom were then at the Coney Island Hospital facility.

75. While on the way to the Coney Island Hospital, GR was very scared and upset and he asked his mother, Ida Rozenberg, in Russian, what had happened to him and what was then happening and why he was there in the ambulance.

76. At the Coney Island Hospital and after being examined, medical personnel informed Ida Rozenberg and Maria Lirtsman and Lana Lirtsman that there was nothing wrong with GR and that they could leave with him.

77. Later in the day and after experiencing pain and fearing that she might be suffering a heart attack, Lana Lirtsman was taken to Coney Island Hospital where she was

diagnosed with a broken rib, extremely high blood pressure, and where she was then admitted into the Hospital.

78.  Lana Lirtsman was hospitalized for approximately four [4] days until she was released.

79.  None of the Plaintiffs, including GR, committed any criminal offense or other offense whatsoever, and no reasonable police officer or school authority could have believed that any of the Plaintiffs, including GR, committed any criminal offense or any other offense under any provision of the law, and there was no justification for the restraint and detention of any of the Plaintiffs, including GR, for any duration of time, even a modest restraint and detention for a modest period of time.

80.  There was no lawful basis for the restraint and detention of any of the Plaintiffs by the New York City Police Officers, each of whom Police Officers is an agent and employee of the City of New York.

81.  While the actions and conduct of the New York City Police Officers were unlawful they were taken in the course of their respective duties and functions and incidental to the otherwise lawful performance of those duties and functions as New York City Police Officers and as agents and employees of the City of New York.  Among other New York City Police Officers involved in the afore-described

17

actions and conduct and event including it is believed to be "John Doe" # 1, are Police Officers Fayette McDonald, Shield # 09581, Cameron Evelyn, Shield # 03980, Michael Grill, Shield # 04663, and Sergeant Lynda Chervoni, Shield # 03594.

82.  There was no lawful basis for the restraint and detention of any of the Plaintiffs.

83.  Each of the Plaintiffs was unlawfully restrained and detained, since there was absolutely no lawful basis for any restraint and detention.

84.  Each of the Plaintiffs was subjected to a false arrest and unlawful custodial detention and imprisonment and each was subjected to excessive, unreasonable and unnecessary force in the form of his or her handcuffing and/or in the form of the restraints otherwise utilized and/or in the form of the physical force otherwise employed, including but not limited to the propelling of Lana Lirtsman out of the ambulance vehicle as described previously herein.

85.  The actions and conduct herein described were propelled by the policies and practices and customs of the City of New York including the policies, practices, and customs of the New York City Police Department.

86.   In that regard it is believed that the City of New York, including the New York City Police Department, failed to adequately promulgate, adopt, and implement policies, practices, and customs – and train its supervisory and line personnel relative thereto - respecting the protocols to be utilized to address issues and concerns and problems with which they as employees of the City of New York might be confronted in providing special education needs children, of very early childhood age, with services.

87.   As a consequence of the policies, practices, and customs and/or lack of such and/or the appropriate training inter-related thereto, the situation, as described above, unfolded and the five year old autism diagnosed special education needs Plaintiff, GR, and his mother, Ida Rozenberg, his grandmother, Maria Lirtsman, and his great grandmother, Lana Lirtsman, each was subjected to what was then and remains today clearly inappropriate restraint, detention, and/or other physical abuse by New York City police officers.

88.   Each of the Plaintiffs was unlawfully detained and restrained and subjected to excessive force based on GR's status as a special needs student, and the Defendants' manifest failure to deal properly and reasonably with his special needs.

89.   The actions, conduct, policies and practices and customs herein described violated, inter alia, each of the respective Plaintiffs' respective rights as guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983, as well as the Americans with Disabilities Act ("ADA") and Rehabilitation Act.

90.   The actions, conduct, policies and practices, and customs violated each of the respective Plaintiffs' respective rights under the laws and Constitution of the State of New York and City of New York, including unlawful restraint and detention, false arrest and imprisonment, assault and battery and excessive force, intentional infliction of mental distress, discrimination based on GR's special education needs status, and unreasonable and unequal terms and conditions of restraint and detention and all associated therewith.

91.   The actions, conduct, policies and practices and customs were negligent and otherwise the proximate cause of the injuries and damages suffered by each of the respective Plaintiffs herein.

92.   Each of the Plaintiffs suffered injuries and damages including loss of liberty, fear, anxiety, mental

distress, emotional anguish, and psychological trauma and physical pain and suffering.

93.   None of the Plaintiffs has yet placed a monetary value on the damages which she/he incurred although she/he believes them to be substantial and to include compensatory and punitive damages.

94.   None of the Plaintiffs has any other adequate remedy of law other than for the institution of this litigation.

V.   CAUSES OF ACTION

A.   FIRST CAUSE OF ACTION

95.   Each of the Plaintiffs reiterates each of the foregoing paragraphs and incorporates such by reference herein.

96.   Each of the Plaintiffs was unlawfully restrained and detained and falsely arrested and falsely and excessively imprisoned and detained in violation of her/ his rights as guaranteed under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

97.   Each of the Plaintiffs suffered injuries and damages.

### B.   SECOND CAUSE OF ACTION

98.   Each of the Plaintiffs reiterates each of the foregoing paragraphs and incorporates such by reference herein.

99.   Each of the Plaintiffs was unlawfully restrained and detained and falsely arrested and falsely and excessively imprisoned and detained in violation of her/his rights as guaranteed under the laws and Constitution of the State of New York.

100.   Each of the Plaintiffs suffered injuries and damages.

### C.   THIRD CAUSE OF ACTION

101.   Each of the Plaintiffs reiterates each of the foregoing paragraphs and incorporates such by reference herein.

102.   Each of the Plaintiffs was subjected to unreasonable, unnecessary, and excessive force in violation of her/his rights as guaranteed under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

103.   Each of the Plaintiffs suffered injuries and damages.

### D. FOURTH CAUSE OF ACTION

104.   Each of the Plaintiffs reiterates each of the foregoing paragraphs and incorporates such by reference herein.

105.   Each of the Plaintiffs was subjected to assault and battery in violation of her/his rights under the laws and Constitution of the State of New York.

106.   Each of the Plaintiffs suffered injuries and damages.

### E. FIFTH CAUSE OF ACTION

107.   Each of the Plaintiffs reiterates each of the foregoing paragraphs and incorporates such by reference herein.

108.   Each of the Plaintiffs was subjected to unreasonable and unnecessary treatment in terms and conditions of the restraint and detention which each suffered in violation of her/his rights as guaranteed under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

109.   Each of the Plaintiffs suffered injuries and damages.

### F. SIXTH CAUSE OF ACTION

110.   Each of the Plaintiffs reiterates each of the foregoing paragraphs and incorporates such by reference herein.

111.   The actions and conduct of Defendants was shocking and outrageous and intended to inflict unnecessary, unreasonable mental distress and emotional trauma on each of the Plaintiffs herein in violation of the respective rights of each of the respective Plaintiffs under the laws and Constitution of the State of New York.

112.   Each of the Plaintiffs suffered injuries and damages.

### G. SEVENTH CAUSE OF ACTION

113.   Each of the Plaintiffs reiterates each of the foregoing paragraphs and incorporates such by reference herein.

114.   Each of the Plaintiffs was subjected to special needs education status and family relationship attached thereto discriminatory treatment in violation of her/his rights as guaranteed under the Fourteenth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

115.   Each of the Plaintiffs suffered injuries and damages.

## H. EIGHTH CAUSE OF ACTION

116.   Each of the Plaintiffs reiterates each of the foregoing paragraphs and incorporates such by reference herein.

117.   Each of the Plaintiffs was subjected to special needs education status and family relationship attached thereto discriminatory treatment in violation of her/his rights as guaranteed under the laws and Constitution of the State of New York.

118.   Each of the Plaintiffs suffered injuries and damages.

## I.   NINTH CAUSE OF ACTION

119.   Each of the Plaintiffs reiterates each of the foregoing paragraphs and incorporates such by reference herein.

120.   The policies, practices and customs herein described propelled the actions and conduct herein. Those policies, practices, and customs violated each of the respective Plaintiffs' respective rights under the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

121.   Each of the Plaintiffs suffered injuries and damages.

J.   TENTH CAUSE OF ACTION

122.   Each of the Plaintiffs reiterates each of the foregoing paragraphs and incorporates such by reference herein.

123.   The actions and conduct and policies, practices and customs herein were negligent and they otherwise violate the respective rights of each of the respective Plaintiffs under the laws and Constitution of the State of New York.

124.   Each of the Plaintiffs suffered injuries and damages.

K.   ELEVENTH CAUSE OF ACTION

125.   Each of the Plaintiffs reiterates each of the foregoing paragraphs and incorporates such by reference herein.

126. Defendant City of New York negligently hired, screened, retained, supervised and trained the individual defendant officers.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the Plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

127.   Each of the Plaintiffs suffered injuries and damages.

L.   TWELFTH CAUSE OF ACTION

128.  Each of the Plaintiffs reiterates each of the foregoing paragraphs and incorporates such by reference herein.

129.  Defendants, acting under color of law, violated Plaintiffs' rights pursuant to Article I, §§ 6, 11 and 12 of the New York State Constitution.

130.  A damages remedy here is necessary to effectuate the purposes of §§ 6, 11 and 12 of the New York State Constitution, and appropriate to ensure full realization of Plaintiffs' rights under those sections.

131.  Each of the Plaintiffs suffered injuries and damages.

M.   THIRTEENTH CAUSE OF ACTION

132.  Each of the Plaintiffs reiterates each of the foregoing paragraphs and incorporates such by reference herein.

133. By the actions described above, defendants violated plaintiffs' rights as protected by the Americans with Disabilities Act and the Rehabilitation Act.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiffs and violated their rights as guaranteed by these Federal statutes.

134.   Each of the Plaintiffs suffered injuries and damages.

### N.   FOURTEENTH CAUSE OF ACTION

135.   Each of the Plaintiffs reiterates each of the foregoing paragraphs and incorporates such by reference herein.

136.  By the actions described above, defendants violated plaintiffs' rights as protected by the New York City Human Rights Law (NYC Admin. Code § 8-101 et seq.). The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiffs and violated their rights as guaranteed thereby.

137.   Each of the Plaintiffs suffered injuries and damages.

### O.   FIFTEENTH CAUSE OF ACTION

138.   Each of the Plaintiffs reiterates each of the foregoing paragraphs and incorporates such by reference herein.

139.   Pursuant to and under pendent State law and pendent State claim jurisdiction and independent of the federally based claim against the Defendant City of New York, the Defendant City of New York is responsible, under State and City law claims, for the actions and conduct of its Defendant Officers, as employees and agents of the City

of New York , pursuant to the doctrine of <u>respondeat</u>
<u>superior</u>.

140.   Each of the Plaintiffs suffered injuries and
damages.

P.   SIXTEENTH CAUSE OF ACTION

141.   Each of the Plaintiffs reiterates each of the
foregoing paragraphs and incorporates such by reference
herein.

142.   The Defendant City of New York, if the City
represents its Officers and other employees, uniformly and
as a matter of policy and practice indemnifies its Officers
and other employees for any awards of both punitive damages
and compensatory damages.

143.   The unnamed individual Defendants are employees
and agents of the City of New York and their conduct, as
described, was taken in the course of their duties and
functions as New York City Police Officers and, in their
capacities as such, as agents and employees of the City of
New York.

144.   Their actions and conduct, while unlawful and
unconstitutional, nonetheless were actions and conduct
taken to the otherwise lawful performance of their duties
and functions as agents and employees of the City of New
York.

29

145.   Each of the Plaintiffs is entitled to recover against the City of New York for the conduct of its named and unnamed Officers under the federal claim jurisdiction pursuant to the doctrine of <u>respondeat</u> <u>superior</u>.

146.   Each of the Plaintiffs suffered injuries and damages.

WHEREFORE and in light of the foregoing, it is respectfully requested that the Court assume jurisdiction and:

      [a] Invoke pendent party and pendent claim jurisdiction.

      [b] Award appropriate compensatory and punitive damages.

      [c] Award appropriate declaratory and injunctive relief.

      [d] Empanel a jury.

      [e] Award attorneys' fees and costs.

      [f] Award such other and further relief as the Court deems to be in the interest of justice.

DATED: New York, New York
      August 6, 2013

Respectfully submitted,

/s/James I. Meyerson_____
JEFFREY ROTHMAN
315 Broadway-Suite # 200
New York, New York 10007
[212] 227-2980
[212] 591-6343/FAX
rothman.jeffrey@gmail.com

JAMES I. MEYERSON
1065 Avenue of the Americas
Suite # 300
New York, New York 10018
[212] 344-7474/Extension 129
[212] 409-8890 (E-FAX)
jimeyerson@yahoo.com
ATTORNEYS FOR PLAINTIFFS
BY:_____

ANTON PAPARKHIN, ESQ.
Law Office of Anton Papakhin, P.C.
1359 Coney Island Avenue
Brooklyn, New York 11230
[917] 270-1403
[718] 252-2216
apapakhin@easeadvocates.org
OF COUNSEL
BY:_____

TO:
LINDA MINDRUTIU, ESQ.
Assistant Corporation Counsel
City of New York
Department of Law
Special Federal Litigation Division
100 Church Street-3rd Floor
New York, New York 10007
[212] 356-2337
[212] 788-9776/FAX
lmindrut@law.nyc.gov
ATTORNEY FOR DEFENDANT CITY OF NEW YORK

CERTIFICATE OF SERVICE

James I. Meyerson, one of the attorneys for the Plaintiffs, certifies that on the 6th day of August, 2013, I did serve a copy of the Plaintiffs' First Amended Complaint upon the attorney for the Defendant City of New York by emailing a copy of the same to her at her email address, lmindrut@law.nyc.gov.

DATED: New York, New York
        August 6, 2013

                    Respectfully submitted,

                    /s/James I. Meyerson___
                    JAMES I. MEYERSON
                    1065 Avenue of the Americas
                    Suite # 300
                    New York, New York 10018
                    [212] 344-7474/Extension 129
                    [212] 409-8890 (E-FAX)
                    jimeyerson@yahoo.com
                    ATTORNEY FOR PLAINTIFF
                    BY:_____